UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL CROCHET, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-1103** |
| **SEADRILL AMERICAS, INC., ET AL** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Stay** (Rec. Doc. 5) is **GRANTED**, and this matter is hereby **STAYED** pending resolution of pending motions in the Western District of Louisiana.

### BACKGROUND

The instant suit stems from the unfortunate death of Christopher Crochet by a heart attack while aboard the WEST NEPTUNE, a drillship operated by defendant Seadrill Americas, Inc. At the time of the accident, the vessel was located on the U.S. Outer Continental Shelf south of Lafourche Parish. Plaintiffs, Cheryl Crochet and Alexandria Crochet, the decedent's survivors, filed identical lawsuits in the 15th Judicial District Court for the Parish of Lafayette, and the 22nd Judicial District Court for the Parish of St. Tammany. Plaintiffs served the former but not the latter suit. Defendants removed both, arguing that federal jurisdiction was present under the Outer Continental Shelf Lands Act, and that the "Savings to Suitors" clause, 28 U.S.C. § 1333, which would permit plaintiffs to proceed in state court, is inapplicable because the decedent was not a Jones Act seaman. The Lafayette Parish suit is now pending in the Western District of

Louisiana, and the St. Tammany Parish suit was allotted to the undersigned in the Eastern District of Louisiana.

Defendants filed a motion to transfer the Western District case to this district, and plaintiff's subsequently filed a motion to remand in that case. In the instant motion, plaintiffs move to stay the instant case in this district until the related proceedings in the Western District are resolved, or alternatively, to remand this matter to state court. Plaintiffs argue a stay is appropriate because they should not have to litigate the exact issues in two courts at the same time, that there is a risk of inconsistent rulings, and that judicial economy weighs against two judges addressing the same motions/issues involving identical parties. Defendants argue in opposition that the only reason that plaintiffs seek the stay is that they want the Western District to decide jurisdiction first, and that the case's connection to the Western District of Louisiana is slim. In reply, plaintiffs contend that venue is proper in the Western District of Louisiana, and that their choice of venue is entitled to weight.

## DISCUSSION

District courts have "general discretionary power to stay proceedings before it in control of its docket and in the interests of justice." In re Ramu Corp., 903 F.2d 312, 318 (5th Cir. 1990) (quoting McKnight v. Blanchard, 667 F.2d 477, 479 (5th Cir.1982)). However, a discretionary stay may not be of an "immoderate or of an indefinite duration." Id. (quoting McKnight, 667 F.2d at 479). Rather, "a stay must be 'so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.'" Wedgeworth v. Fibreboard Corporation, 706 F.2d 541, 545 (5th Cir.1983) (quoting

Landis v. N. Am. Co., 299 U.S. 248, 257 (1936)).

In exercising its discretion to grant a stay, courts consider the following factors: "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy." Glasper v. S. Fid. Ins. Co., 2021 WL 411447, at *8 (E.D. La. Feb. 5, 2021) (citing cases). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Landis, 299 U.S. at 255.

The latter consideration is inapplicable in this case, because the parties in the parallel actions are identical. As for the first of the three factors, hardship and inequity to the plaintiffs, it is neutral. While plaintiffs have apparently decided they prefer to go forward in the Western District of Louisiana, they themselves filed an identical suit in a state court encompassed by this district, subjecting themselves to the risk of proceeding here and pursuing parallel litigation. As for the second factor, prejudice to the non-movant if a stay is granted, it weighs in favor of a stay, because there is no prejudice to defendants. Rather, as a result of the stay, defendants will be relieved from simultaneously defending suits in two forums, and they will be proceeding for the present in a forum they choose when they removed the Lafayette Parish suit. The final factor, judicial economy, also weighs in favor of the stay. At present, two courts are presented with identical remand motions, while a motion to transfer is also before the Western District court. Parallel proceedings in two courts undermine judicial economy and create a risk of inconsistent rulings. Further, the motions in the Western District were submitted on May 20 and June 9, 2022, so a stay pending their resolution will not be indefinite or immoderate. Accordingly, the court

3

finds that on balance, the relevant factors weigh in favor of staying the instant matter until the related motions pending in the Western District are resolved. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Stay** (Rec. Doc. 5) is **GRANTED**, and this matter is hereby **STAYED** pending resolution of pending motions in the Western District of Louisiana.

New Orleans, Louisiana, this __15th__ day of June, 2022.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE